DORN v. GEORGIA, CAROLINA AND NORTHERN RY. CO.

RAILROADS—SAFEGUARDS—PLEADINGS.—COMPLAINT is defective because it does not state that defendant had erected the safeguards, or facts showing its duty to do so, or that plaintiff's decedent had a legal right to be on the premises when the safeguards gave way.

Before WATTS, J., Greenwood, November, 1899. Affirmed.

Action for negligent killing by James W. Dorn, as administrator of Grover C. Dorn, against Georgia, Carolina and Northern Railway Co. From order sustaining demurrer to complaint, plaintiff appeals.

*Messrs. Sheppards & Grier,* for appellant, cite: 21 S. C., 433; 2 S. E. R., 816; 12 S. C., 6; 11 Am. & Eng. Ry. Ca., 494; 19 Id., 137; 53 Conn., 186; 21 S. C., 103; 20 S. C., 265; 23 S. C., 537; 25 S. C., 24; 27 S. C., 456; 41 S. C., 415.

*Mr. L. W. Perrin,* contra, cites: 18 S. C., 181, 471; 55 S. C., 546; 12 S. E. R., 816; 33 S. C., 217; 19 S. E. R., 214; 102 U. S., 580; 5 S. E. R., 371; 8 Am. & Eng. R. R. Ca., 181.

Aug. 1, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal is from an order sustaining a demurrer to the complaint for failure to state facts sufficient to constitute a cause of action. So much of the complaint as relates to the contention is as follows: "Third. That before, and at the time of, the construction of the said railroad by the defendant, and at the times mentioned hereinafter, the tracks and roadbeds of the Columbia and Greenville Railroad and the Charleston and Western Carolina Railroad, passed through the said town of Greenwood, in said State, parallel with each other and with Logan street therein, near a blacksmith shop known as 'Beaudrot's shop,' and nearly opposite to the dwelling known as the old Gibbs place, in said town, and are only a few feet apart, to wit: about ten feet. That ever since the construction of the said Columbia and Greenville and the Charleston and Western Carolina Railroads, and at the times mentioned hereinafter and prior thereto, and now, the people of the said town of Greenwood, in going from one part thereof to another, passed, pass and repass between the said roads, without objection or hindrance, between which said roads thereat there was at the times hereinafter mentioned, and prior thereto and now, a well-beaten and much-frequented footpath, along which as aforesaid the people of the said town walk, and along which they have walked for years, and at the times hereinafter mentioned. Fourth. That in the construction of their said railroad, the defendant approached the said Columbia and Greenville and the said Charleston and Western Carolina roadbeds at right angles, approximately, and in the construction thereof the defendant made a long and deep cut or excavation, and thereby passed underneath the two said roadbeds, underneath the said Logan

street, within the limits of the said town, and at a point near, a small distance below the shop therein known as 'Beaudrot's shop,' and in front of and nearly opposite to the dwelling known as the old Gibbs place. Fifth. That the said defendant erected a bridge over the said cut where it intersected the said Logan street; that the distance between the said bridge and the roadbed of the said Columbia and Greenville Railroad is only a few feet, to wit: about fifteen feet; that the distance between the said roadbed of the said Columbia and Greenville and the Charleston and Western Carolina Railroads, which thereat are parallel, is only a few feet, to wit: about ten feet. That is was the duty of the defendant to maintain and keep in good repair, safe and suitable 'safeguards' at and along the space between the two said roadbeds thereat, to protect persons there passing from walking or falling into the said cut. That to protect persons from walking or falling into the said cut between the roadbed of the said Columbia and Greenville and Charleston and Western Carolina Railroads, two posts were placed in the ground in an upright position, which two posts were connected by two planks or railing. That the said defendant failed and neglected to keep and maintain in good repair the said posts, and the said plank or railing; on the contrary, permitted them to become unsound and rotten and utterly worthless as a safeguard against persons walking or falling into said cut. Sixth. That on or about the 12th day of April, 1898, Grover C. Dorn, late of said county and State, an infant of about eleven years old, was sent on a mission by his mother, and had to pass by and near to the said cut and between the roadbed of said Columbia and Greenville and the Charleston and Western Carolina Railroads in said town; that as he was passing, some children on the other side of said cut knocked a ball which fell into the said cut; that the said child, Grover, went to the edge of the cut to see the ball at the bottom, and for support rested his hand on the said plank or railing which connected the said posts; that the said plank or railing not being fastened or nailed to the

said post—although it appeared to be nailed—gave way, and said post, being entirely rotten, also gave way, and he fell to the bottom of said cut, and was thereby so bruised and broken and injured internally, that he died in a few hours. Seventh. That the death of the said boy, Grover C. Dorn, resulted from the negligence of the said defendant in failing to maintain and keep in good repair the said posts and the said plank or railing which connected them, as a safeguard against persons there passing from walking or falling into the said cut."

The order of Judge Watts sustaining the demurrer does not specify in what particular the complaint was insufficient, but it appears in the "Case" agreed upon for this hearing, that Judge Watts, in his remarks upon the motion to dismiss the complaint, particularized upon this, "that it did not appear from the complaint that the public had acquired legally the right to use the alleged footpath in passing from one part of Greenwood to the other."

The first, second, third, sixth and ninth exceptions imputing error, assume that the complaint alleges that the defendant erected the posts and planks as a safeguard to said excavation to protect persons from walking or falling therein. The complaint does allege the erection of said posts and planks, but it was not alleged by whom they were erected. It appears that said structure was within the ten feet space between the parallel tracks of two other railroad companies. In the absence of a positive averment of the fact, it cannot be said that the defendant erected said alleged "safeguards," and then argue therefrom that the defendant thereby recognized and assumed the duty to safeguard said excavation. The complaint was defective in not stating facts from which it could be inferred that it was the duty of the defendant to properly safeguard the excavation on its premises. A general allegation of duty, without a statement of facts from which such duty would arise, is insufficient. In order to show that defendant owed plaintiff any duty to safeguard said excavation, it was essential for plain-

tiff to allege by what right he was on said premises where he was injured, so as to create a corresponding duty in defendant to use reasonable precautions to protect him from danger. The complaint alleged something about a well-beaten and much-frequented footpath along which the people of Greenwood had for years been accustomed to pass and repass; but, as said by the Circuit Judge, it was not alleged that the public had acquired legally the right to use said path. Nor was it alleged that plaintiff was using said path at the time of the injury. Nor was it alleged how near the said excavation was to said path so as to enable an inference whether the excavation was so dangerously near as to imperil persons rightfully using said path; for, as tersely stated by some Judge, "Precaution is a duty only so far as there is reason for apprehension." The mere fact that defendant had made such excavation within the town . of Greenwood, of itself is not sufficient to impose the duty to safeguard it against all persons who might, from motives of curiosity, sport or otherwise, venture too near.

Finding no error therein, the judgment of the Circuit Court is affirmed, with leave to amend the complaint as plaintiff may be advised, within twenty days after the filing of the remittitur herein.